UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE SCRIVNER,<br>Plaintiff,<br>v.<br>WALMART INC., et al.,<br>Defendants. | No. 2:25-cv-03103-DAD-JDP<br><br><u>ORDER DENYING DEFENDANTS' MOTION TO STAY</u><br><br>(Doc. No. 19) |

This matter is before the court on defendants' motion to stay this action pursuant to the first-to-file rule. (Doc. No. 19.) On July 21, 2026, the motion was taken under submission pursuant to Local Rule 230(g). (Doc. No. 20.) For the reasons explained below, defendants' motion will be denied.

**BACKGROUND**

**A. The *Thomas* Action**

On August 10, 2023, Illinois residents Arnesia Thomas and Pascha Perkins, and California resident Vernita Faison ("the *Thomas* plaintiffs") filed a putative class action against Walmart Inc. and Wal-Mart Stores, Inc. ("Walmart") in the U.S. District Court for the Northern District of Illinois alleging that Walmart misrepresented the thread count of its 800-thread-count Hotel Style Sheets. (*Thomas v. Walmart Inc.*, No. 1:23-cv-05315 (N.D. Ill. Aug. 10, 2023) ("*Thomas*"), Doc.

/////

No. 1.) On November 6, 2023, the *Thomas* plaintiffs filed a first amended complaint. (*Thomas*, Doc. No. 24.)

The *Thomas* plaintiffs' first amended complaint asserted the following nine causes of action: (1) Misrepresentation and/or Omission in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (2) Unfairness in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (3) violation of California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq*.; (4) violation of California's False Advertising Law, California Business & Professions Code §§ 17500 *et seq*.; (5) violation of California's Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq*.; (6) Breach of Express Warranty; (7) Common Law Fraud; (8) Negligent Misrepresentation; and (9) Unjust Enrichment. (*Thomas*, Doc. No. 24 at ¶¶ 71–213.) The named plaintiffs sought to represent a nationwide class, an Illinois subclass, and a California subclass. (*Id.* at ¶¶ 61–63.)

On December 4, 2023, Walmart moved to dismiss the *Thomas* plaintiffs' first amended complaint, arguing, among other things, that the Illinois district court lacked personal jurisdiction over Walmart with regard to the California resident's claims. (*Thomas*, Doc. No. 30.) On March 11, 2024, the Illinois district court granted in part and denied in part Walmart's motion to dismiss, dismissing without prejudice California plaintiff Vernita Faison's claims against Walmart (claims 3, 4, and 5) based upon the lack of personal jurisdiction. (*Thomas*, Doc. No. 37 at 26.) On April 24, 2026, the remaining plaintiffs filed their motion for class certification, seeking to certify a nationwide class and Illinois subclass. (*Thomas*, Doc. Nos. 140, 141.) The motion for class certification appears to be fully briefed. (*Thomas*, Doc. Nos. 161, 179.)

**B. The *Faison* Action**

On April 5, 2024, Vernita Faison, by and through the same counsel who represented her and the other named plaintiffs in *Thomas*, filed an action in the U.S. District Court for the Eastern District of California seeking to represent a California class of consumers based on the same allegations regarding the thread count of Walmart's sheets. (*Faison v. Walmart Inc.*, No. 2:24-cv-01024 (E.D. Cal., Apr. 5, 2024) ("*Faison*"), Doc. No. 1.) After the district court denied Walmart's motion to dismiss, Walmart sought a deposition of Ms. Faison, at which she did not

appear. (Doc. No. 19-1 at 3.) Ms. Faison's counsel subsequently moved to withdraw from the action, and the court granted that motion on August 20, 2025. (*Faison*, Doc. No. 53.) On August 27, 2026, Magistrate Judge Chi Soo Kim of this court issued an order requiring plaintiff to show cause within 30 days why that action should not be dismissed for failure to prosecute. (*Faison*, Doc. No. 60.) Ms. Faison has yet to file a response. At no point during the litigation of the *Faison* action did Walmart argue that the action should be dismissed or stayed based on the first-to-file rule.

**C. This Action**

On October 24, 2025, plaintiff Christine Scrivner ("plaintiff"), by and through the same counsel who represented the plaintiffs in *Thomas* and *Faison*, filed this action against defendants Walmart Inc. and Wal-Mart Stores, Inc ("defendants") seeking to represent a California class of consumers. (Doc. No. 1.) Plaintiff's complaint once again alleges that defendants misrepresented the thread count of their 800-thread-count Hotel Style Sheets. (*Id.*)

Based on these and other allegations, plaintiff asserts the following seven causes of action: (1) violation of California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq*.; (2) violation of California's False Advertising Law, California Business & Professions Code §§ 17500 *et seq.*; (3) violation of California's Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq.*; (4) Breach of Express Warranty; (5) Common Law Fraud; (6) Negligent Misrepresentation; and (7) Unjust Enrichment. (*Id.* at ¶¶ 68–167.)

On December 19, 2025, defendants filed the pending motion to stay this action based on the first-to-file rule and the traditional stay factors. (Doc. No. 19.) On January 23, 2026, plaintiff filed an opposition, and on February 6, 2026, defendants filed their reply. (Doc. Nos. 21, 22.)

**LEGAL STANDARD**

**A. First-to-File**

"The first-to-file rule allows a district court to [dismiss, transfer, or] stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district." *Kohn L. Grp. v. Auto Parts Mfg. Miss.*, 787 F.3d 1237, 1239 (9th Cir. 2015). The first-to-file rule "is a generally recognized doctrine of federal comity . . . ." *Pacesetter Sys., Inc. v. Medtronic,*

*Inc.*, 678 F.2d 93, 94 (9th Cir. 1982). The rule is "designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) ("The first-to-file rule was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'") (alteration in original) (citation omitted). "A district court has significant discretion to apply the first-to-file rule where the record supports application." *Jiangmen Kinwai Furniture Decoration Co. Ltd v. Int'l Mkt. Ctrs., Inc.*, 719 F. App'x 556, 558 (9th Cir. 2017) (citation omitted).

In determining whether the first-to-file rule applies, courts analyze three factors: (1) Chronology of lawsuits; (2) Similarity of the parties; and (3) Similarity of the issues. *Kohn L. Grp., Inc.*, 787 F.3d at 1240. However, even if all three factors are satisfied, the court may decline to apply the first-to-file rule if it finds that the first-filed action was brought in bad faith, as an anticipatory suit, or evinces forum shopping. *Alltrade*, 946 F.2d at 628. Above all, the "'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc.*, 678 F.2d at 95.

**B. *Landis* Stay**

A federal district court also has inherent power to stay a lawsuit based on considerations of economy of time and effort for the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Rather than dismiss an action, "[a] stay is the 'preferable course' where there are pending state proceedings." *N. River Ins. Co. v. Leffingwell Ag Sales Co.*, No. 10-cv-02007-LJO-MJS, 2011 WL 304579, at *6 (E.D. Cal. Jan. 27, 2011) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995)). If there is a pending proceeding that is independent of, but related to, the federal lawsuit, then in certain circumstances the district court may stay the federal lawsuit while the independent proceeding moves forward. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The independent proceeding

need not be controlling of the federal lawsuit to be considered related. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Rather, an independent proceeding is related to the federal lawsuit if the proceeding will likely settle and simplify issues in the federal lawsuit. *Integon Preferred Ins. Co. v. Camacho*, No. 1:16-cv-01496-AWI-SAB, 2018 WL 6620342, at *10 (E.D. Cal. Dec. 18, 2018) (citing *Landis*, 299 U.S. at 256).

Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id*. at 255. In considering whether to grant a stay, a court should weigh several factors, including: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

**DISCUSSION**

Defendants argue that this action should be stayed pursuant to the first-to-file rule and pursuant to traditional *Landis* stay factors. (Doc. No. 19-1.)

**A. First-to-File**

Defendants argue that this action should be stayed pursuant to the first-to-file rule because the Northern District of Illinois action, *Thomas*, (1) was filed prior to this action, (2) involves the same defendants as this action, and the plaintiffs there seek to represent a nationwide class that would include plaintiff, and (3) involves identical factual allegations regarding the thread count of defendants' sheets. (Doc. No. 19-1 at 6–7.) Plaintiff argues that there are distinct claims and distinct classes at issue in the two actions. (Doc. No. 21 at 5.) In addition, plaintiff argues that the primary reason that this case was filed after *Thomas* is because defendants successfully

/////

obtained dismissal for lack of personal jurisdiction of the claims of a California consumer who filed along with plaintiffs Thomas and Perkins in Illinois. (*Id.*)

Three of plaintiff's claims—those brought pursuant to California law specifically—were brought in *Thomas* but were dismissed, along with the California plaintiff, when the district court in that case determined, at defendants' prompting, that it lacked personal jurisdiction over defendants with regard to the California plaintiff's claims. (*Thomas*, Doc. No. 37 at 26.) Under these circumstances, the court finds that the cases are not sufficiently similar to warrant stay pursuant to the first-to-file rule. *See Mattero v. Costco Wholesale Corp.*, 336 F. Supp. 3d 1109, 1119 (N.D. Cal. 2018) ("[N]ow that the California-based plaintiff's claims have been dismissed in *Gonzalez*, with prodding from Costco, the differences between the cases in terms of what laws are in play with respect to the nationwide class and state law sub-classes are not that similar, although the underlying questions (*e.g.*, what is deceptive and as such illegal) may be.").

In addition, because the California plaintiff and the California state law claims were dismissed from the first-filed action at defendants' prompting,[1] "[c]oncerns of equity and comity likewise counsel against a stay on these facts." *Id.*; *cf. Grossman v. Brooklyn Bedding, LLC*, No. 5:24-cv-01894-SSS-SP, 2025 WL 1674464, at *2 (C.D. Cal. May 12, 2025) ("The Court exercises its discretion and declines to apply the first-filed rule in the interests of justice. Ms. Grossman's equitable claims have been dismissed in the *Phillips* case and she filed suit in state court to adequately protect hers and the putative class' interests. It was Defendant's decision to remove the case to federal court and, presumably, to foreclose Ms. Grossman's opportunity to have her claims resolved. The Court finds it would be unjust for Ms. Grossman's case to be stayed any longer if her claims could not be heard due to Defendant's procedural gymnastics.").

**B. *Landis* Stay Factors**

As noted, defendants also move to stay pursuant to the traditional *Landis* factors. (Doc. No. 19-1 at 7–10.) Defendants argue that there is no possible damage to plaintiff because plaintiff's counsel was involved in the fact discovery in *Thomas* and therefore no further fact

---

[1] "After all, personal jurisdiction is a *personal* defense that may be waived or forfeited." *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 144 (2023).

discovery regarding the thread count of the sheets is required in this action. (*Id.* at 8.) Defendants further argue that moving forward would result in the additional costs for defendants of moving to dismiss and, if unsuccessful, engaging in discovery. (*Id.*) Next, defendants argue that a stay would promote judicial efficiency and simplify the issues because "the results of class certification and summary judgment in *Thomas* could materially affect the status of the claims Ms. Scrivner asserts here, and it makes sense to wait for those proceedings." (*Id.* at 9.)

With regard to consideration of the first *Landis* factor—the possible damage which may result from the granting of a stay—defendants request "a stay of indefinite length; the court has no way of knowing how soon" the Illinois court will decide the pending motion for class certification, much less future motions for summary judgment, "and the court will not order a stay without some indication that the stay will only be in effect for a reasonable amount of time." *Zillow, Inc. v. Trulia, Inc.*, No. 12-cv-01549-JLR, 2013 WL 594300, at *4 (W.D. Wash. Feb. 15, 2013); *see also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021) ("[J]ustice delayed is justice denied.").

With regard to the second *Landis* factor, the court declines to consider the potential hardship to defendants of this action going forward when the reason this action exists separate and apart from the Illinois action is because defendants moved to dismiss the California plaintiff from that action for lack of personal jurisdiction. While defendants certainly were entitled to do so, the natural result is the piecemeal litigation they now decry. *Auld-Susott as Tr. for Irrevocable Life Ins. Tr. of John L. Susott & Kathryn C. Susott UAD 8/17/1988 as Restated v. Galindo*, No. 20-cv-00270 LEK-RT, 2021 WL 276990, at *2 (D. Haw. Jan. 27, 2021) ("While weighing the effect of a stay on each party is often quite relevant in determining whether to stay proceedings, in this case it misses the point. Because the Court agrees with Plaintiffs that the present case is 'completely of Defendants' own creation,' any effect that a refusal to stay proceedings may have on Defendants is irrelevant."); *ThermoLife Int'l LLC v. Neogenis Labs Inc.*, No. 18-cv-02980-PHX-DWL, 2021 WL 2226192, at *4 (D. Ariz. June 2, 2021) ("It cannot

now claim that it has been prejudiced or harmed by its own decisions."); *EP Fam. Corp. v. Off. Kick, Inc.*, No. 2:24-cv-00667-AB-PVC, 2025 WL 1712355, at *5 (C.D. Cal. Feb. 4, 2025). Regardless, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

With regard to consideration of the third *Landis* factor—judicial economy—the *Thomas* action "will not resolve all of plaintiffs' claims[]" because this action involves claims brought pursuant to California law that were dismissed from the Illinois litigation at defendants' prompting. *Valdez v. Saxon Mortg. Servs., Inc.*, No. 2:14-cv-03595-CAS, 2015 WL 93387, at *2 (C.D. Cal. Jan. 6, 2015).

Weighing each of the factors together, the court in the exercise of its discretion concludes that a *Landis* stay is not appropriate here. *Guzman v. Courtyards Owner, LLC*, No. 25-cv-00740-GPC-BLM, 2026 WL 1683125, at *3 (S.D. Cal. June 10, 2026) ("Thus, the Court exercises its 'broad discretion' in declining to stay this action pending the resolution of the related Colorado proceedings against the Law Firm Defendants."); *Valdez v. Saxon Mortg. Servs., Inc.*, No. 2:14-cv-03595-CAS, 2015 WL 93387, at *3 (C.D. Cal. Jan. 6, 2015) ("Because it appears that plaintiffs' action will proceed in this Court regardless of whether the *Lee* settlement is ultimately approved—and because the only hardship proffered by moving defendants is the inconvenience of litigating two potentially duplicative actions—the Court DENIES defendants' request for a stay.").

**CONCLUSION**

For the reasons explained above,

1. Defendants' motion to stay this action (Doc. No. 19) is DENIED;

/////

/////

/////

/////

/////

2. The Initial Scheduling Conference in this case is hereby RESET for November 9, 2026 at 1:30 PM in Courtroom 4 (DAD) before District Judge Dale A. Drozd by Zoom. The parties shall file a joint scheduling report by no later than October 26, 2026.

IT IS SO ORDERED.

Dated: **September 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE